UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LANNY STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-13 JAR |
| ) | |
| BOB HOLDER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Lanny Stewart, an inmate at Dunklin County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to provide the Court with a copy of his certified account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff Lanny Stewart brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names the following individuals as defendants in this action: Bob Holder (Sheriff, Dunklin County); Nicole Green (Dunklin County Jail

Administrator); Brandon Perkins; Daniel Ross[1]; and Marchasa Wheeler.[2] Plaintiff brings this lawsuit against defendants in their individual and official capacities.

Plaintiff claims that the day after he entered the Dunklin County Jail on December 28, 2017, he was placed in a "suicide cell." He asserts that the toilet in the cell was consisted of a "hole in the floor" and was "only flushed once, maybe twice, in 24 hour period."

Plaintiff also asserts that while in the "suicide cell" for a five-day period, he was not allowed to leave for a shower. He claims that he was only served water with his meals, and he alleges that at one point while he was in the cell, he asked for water for over three hours and annoyed Corrections Officer Brandon Perkins who told him, "I'm not bringing you any F-ing water, so shut up."[3]

Last plaintiff states that when he entered the Dunklin County Jail he suffered from high blood pressure. He claims he took a certain medication for his blood pressure twice daily, and as of January 25, 2018 when he filed his complaint with the Court, "defendants" were failing to provide him **with that particular blood pressure medication**. However, plaintiff admits that "defendants" are providing him with three pills each morning and at night. Nonetheless, plaintiff complains that defendant Nicole Green has not told him the name of the particular medication he

---

[1] Plaintiff submitted correspondence to the Court on June 7, 2018, stating that defendant's name was in actuality Daniel Hobbs.

[2] In his June 7, 2018 correspondence to the Court, plaintiff states that he wishes to "add the nurse Ashley Green and the doctor. . .Doctor Pewitt" as additional defendants in this action. Plaintiff claims generally that these defendants have "denied [him] medical treatment; however he has failed to articulate exactly what type of medical treatment that he has been denied. In order to bring a claim for deliberate indifference to his medical needs, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Vaughn v. Greene County,* 438 F.3d 845, 850 (8th Cir. 2006), 438 F.3d at 850 (8th Cir. 2006). Plaintiff has failed to do so in this instance.

[3] Unprofessional or rude behavior fails to implicate a constitutional right. *See Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (rudeness and unprofessionalism are not constitutional deprivations).

-3-

is taking.[4] Plaintiff also complains that he needs to have his blood pressure checked regularly, but he resists having to pay $15 for a "sick call" in order to have it checked.

Plaintiff seeks $200,000 in compensatory damages in this action for the alleged violations of his civil rights.

## Discussion

To state a claim under § 1983 for unconstitutional placement in administrative segregation or in a "suicide cell," a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations in this lawsuit. *E.g., Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant).

For example, plaintiff has not alleged that the conditions plaintiff purportedly suffered in the five days in the "suicide cell," were conditions that give rise to a liberty interest in their avoidance. *See Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005); *see also, Sandin v. Conner*, 515 U.S. 472 (1995) (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107

---

[4]Plaintiff does not claim that the medicine defendants are providing him is not treating his blood pressure. And plaintiff has not brought a claim of deliberate indifference to his medical needs relating to his blood pressure.

days of less-restrictive disciplinary detention). As a result, plaintiff's allegations relative to his time spent in the "suicide cell" fail to state a claim upon which relief can be granted.

Prisoners do not have a clearly established federal right to receive free medical care. *See, e.g., Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) ("Although the Supreme Court has held that a state must provide inmates with basic medical care, the Court has not tackled the question whether that care must be provided free of charge."); *Fant v. Fisher*, 414 F. Supp. 807, 808 (D. Okl. 1976) ("The court cannot accept plaintiff's claim that he is absolutely entitled to free medical services. So long as free medical services may not be demanded of the State as a right by its free citizens, it is unreasonable to suggest that such free services may be demanded by a convicted felon. Persons convicted of felonies do not acquire by virtue of their convictions a constitutional right to services and benefits that are not available as of right to persons never convicted of criminal offenses."). As a result, plaintiff has not stated a constitutional violation with respect to his assertion that he is being required to pay a copayment for a doctor visit.

Last, the Court will dismiss plaintiff's broad-based claims for relief against defendants Bob Holder, Daniel Ross (Hobbs) and Marchasa Wheeler as plaintiff has not connected any specific claims for relief against these defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional

rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of June, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE